# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES BRADLEY, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:13-cv-01461-UNAS-JEO |
| ) | |
| **THE UNITED STATES,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is before the court on James Bradley, Jr.'s "Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241." (Doc. 1). In his Petition, Bradley appears to challenge the legality of his sentence, which was entered by this court. *See United States v. Bradley*, 2:93-cr-00152-LSC-MHH. Bradley is currently incarcerated at FCI Butner Medium in Butner, North Carolina. (Doc. 1). On August 19, 2013, the magistrate judge ordered Petitioner to show cause why his petition should not be dismissed for lack of jurisdiction. (Doc. 2). Petitioner did not respond.

The general habeas statute authorizes "district courts ... within their respective jurisdictions" to grant writs of habeas corpus to prisoners who are "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241. Jurisdiction to hear such habeas actions challenging present physical confinement is generally limited to the federal district court in the district in which the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 443-44 (2004). Here, Petitioner is confined in North Carolina, which is clearly outside of the Northern District of Alabama. Accordingly, this court does not have jurisdiction over Petitioner's action pursuant to 28 U.S.C. § 2241.

Additionally, to the extent Bradley's petition could be read as one to challenge his

conviction through 28 U.S.C. § 2255, the court also lacks jurisdiction. Petitioner has previously filed at least one § 2255 petition with this court, which was addressed on the merits (2:93-cr-00152-LSC-MHH, Doc. 1158), and he has not received an order from the Eleventh Circuit authorizing him to file a second or successive motion. *See* 28 U.S.C. §§ 2255(h); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam).

Finally, to the extent Bradley seeks to challenge a prior ruling through FEDERAL RULE OF CIVIL PROCEDURE 60, he has not indicated what prior ruling he is challenging, thus the court can not discern whether such a motion is proper.

Accordingly, the court finds that the instant petition is due to be dismissed without prejudice. A separate order will be entered.

Done this 16th day of September 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]